**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Westworld Consulting, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> Vanity Group Pty Ltd.; Vanity Group; John Does I-XX; Jane Does I-XX; XYZ Entities 1-100. <br><br> Defendants. | No. CV16-03361-PHX-DGC <br><br> **ORDER** |

Plaintiff Westworld Consulting, LLC, filed a complaint against Defendants Vanity Group Pty. Ltd. and Vanity Group (collectively "Vanity") seeking monetary and injunctive relief for an alleged breach of contract, promissory estoppel, conversion, negligence, and fraud. Doc. 1. Vanity has moved to dismiss for lack of personal jurisdiction. Doc. 19. The motion is fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f). For the reasons set forth below, the Court will deny Vanity's motion.

**I.    Background.**

Plaintiff is an Arizona company that offers consulting and networking services for business clients throughout the United States and abroad. Doc. 1 ¶ 1. Its principal place of business is Scottsdale, Arizona, and Arizona resident Mike Dunlap is its managing member. *Id.*; Doc. 23-1 at 1. Vanity is an Australian company that supplies luxury hotel

amenities. Doc. 19-1 at 1-2. It is incorporated and headquartered in Sydney, Australia. *Id.*

In November 2015, Vanity used LinkedIn to recruit Dunlap for the role of Vice President of Business Development for North America. Doc. 23-1 at 2-3. Vanity initiated the communication with an invitation to connect. *Id.*; Doc. 19-1 at 11; Doc. 27 ¶ 17. At the time, Vanity had no physical presence or customers in Arizona. Doc. 19-1 at 2. After preliminary discussions, Vanity invited Dunlap to interview in its Sydney office for the position. Doc. 23-1 at 3-4.

Dunlap visited Sydney in January 2016, and the parties agreed to a long-term relationship in which Dunlap would serve as Vanity's Vice President of Business Development for North America. *Id.* Although Vanity attempted to draft a one-year contract compliant with U.S. law, no written contract was ever executed. *Id.* at 6; Doc. 19-1 at 6, 32-35. Dunlap's responsibilities included the facilitation of business relationships with potential clients throughout the United States. Doc. 23-1 at 4. The parties agreed that Dunlap would act as Vanity's agent and operate from an office in Scottsdale, Arizona. *Id.* Vanity provided Dunlap with Vanity business cards and a Vanity email-signature block, both of which contained a Scottsdale address. *Id.* at 5-6.

Upon his return to Arizona, Dunlap began promoting Vanity's business in Arizona, California, Texas, and Nevada. *Id.* at 4. He started negotiating sales agreements with several national hotel chains. *Id.* at 6-7. Vanity paid Dunlap for this work and associated travel expenses. *Id.* at 8-9. Meanwhile, Vanity introduced Dunlap to customer contacts in the United States as its Vice President of Business Development for North America. *Id.* at 7.

Vanity terminated its relationship with Dunlap in February 2016. *Id.* at 9. Plaintiff filed this action in October 2016. Doc. 1. Vanity now moves to dismiss the complaint for lack of personal jurisdiction. Doc. 19.

**II. Legal Standard.**

To withstand a 12(b)(2) motion, the plaintiff must show that the defendant is properly subject to the court's jurisdiction. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.* "The plaintiff cannot 'simply rest on the bare allegations of its complaint,' but uncontroverted allegations in the complaint must be taken as true." *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). In ruling on such a motion, the Court considers the pleadings and any materials submitted by the parties, accepting as true any uncontroverted allegations in the complaint and resolving any factual conflicts in the plaintiff's favor. *Id.* "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger*, 374 F.3d at 800.

**III. Discussion.**

Arizona's long-arm statute, Ariz. R. Civ. P. 4.2(a), applies in this diversity action. *See Terracom v. Valley Nat'l Bank,* 49 F.3d 555, 559 (9th Cir. 1995). That rule "provides for personal jurisdiction co-extensive with the limits of federal due process." *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997). "[A] corporation may be subject to personal jurisdiction only when its contacts with the forum support either specific or general jurisdiction." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1068 (9th Cir. 2014) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

Plaintiff argues that Vanity is subject to specific jurisdiction. Doc. 23 at 5. Specific jurisdiction exists if a foreign corporation's contacts with the forum give rise to the cause of action before the Court. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). The Ninth Circuit employs a three-prong test to determine whether a non-resident has sufficient minimum contacts for specific jurisdiction:

> (1) [T]he defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting

> activities in the forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). Plaintiff has the burden of satisfying the first two elements. *Id.* If it does, Vanity must show that the exercise of jurisdiction would be unreasonable. *Id.* at 1068-69.

### A. Purposeful Availment.

A purposeful availment analysis is appropriate here because the claims sound primarily in contract – the tort claims are all related to, and arise from, the contractual relationship. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (applying purposeful availment analysis to case involving breach of contract, misrepresentation, and fraud because the case sounded "primarily in contract"); *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) (analyzing purposeful availment for both tort and contract claims arising out of a contractual relationship).

"To have purposefully availed itself of the privilege of doing business in the forum, a defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Boschetto*, 539 F.3d at 1016 (internal quotation marks omitted). The defendant's conduct, not the plaintiff's, must create a substantial connection with the forum. *Walden v. Fiore*, 134 S. Ct. 1115, 1121-22 (2014). "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id.* at 1123.

Plaintiff contends that Vanity purposefully availed itself of the benefits of doing business in Arizona by: (1) reaching out to Plaintiff in Arizona to begin preliminary discussions about a contractual relationship; (2) establishing a long-term contractual relationship with an Arizona resident; (3) contracting with Plaintiff to operate Vanity's

business activities in Scottsdale, Arizona; (4) identifying a Scottsdale, Arizona, address on Plaintiff's Vanity business cards and email-signature block; (5) employing Plaintiff to perform business development from and in Arizona; (6) designating Plaintiff as an agent to undertake business commitments on behalf of Vanity from Arizona; and (7) paying Plaintiff for his business development work. Doc. 23-1 at 2-9.

Vanity argues that it has "never marketed its products, or directed its business to the residents of Arizona." Doc. 19 at 3. Although Vanity did contract with Plaintiff to engage in limited business development on a trial basis, "Vanity never requested, or asked, or otherwise instructed [Plaintiff] to work from Arizona." Doc. 26 at 6. Vanity further asserts that during negotiations Plaintiff suggested it could work from a "virtual" office anywhere in the United States. *Id.* The fact that Plaintiff chose to work from Arizona, Vanity argues, "does not translate into a direct connection between Vanity and the State of Arizona." *Id.* at 8.

As noted above, Plaintiff "need make only a prima facie showing of jurisdictional facts to withstand the motion," and the Court must draw all reasonable inferences and resolve all factual disputes in Plaintiff's favor. *Mavrix Photo, Inc*, 647 F.3d at 1223. Plaintiff has made a prima facie case for jurisdiction. Regardless of who chose Arizona as the location for Plaintiff's work, Vanity contracted with an Arizona resident to represent Vanity and pursue business opportunities, designated the resident as its vice president, created business cards showing the Arizona resident as its agent, and paid the agent for business development work. Vanity disputes a number of these facts, but, as noted above, "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger*, 374 F.3d at 800.

Vanity's reliance on *Walden v. Fiore* is misplaced. Doc. 19 at 12 (citing 134 S. Ct. at 1125). In *Walden*, the defendant was a Georgia police officer who seized Nevada residents' money in Georgia and wrote a false affidavit to justify the seizure. 134 S. Ct. at 1119-20. Although the Nevada residents felt harm in Nevada, "no part of [the

defendant's] course of conduct occurred in Nevada." *Id.* at 1124-25. The defendant never "conducted activities within, contacted anyone in, or sent anything or anyone to Nevada." *Id.* at 1124. Vanity, by contrast, reached into Arizona to recruit an Arizona resident, employed the Arizona resident, held the resident out as a Vanity employee located in Arizona, and compensated the resident for work performed in Arizona.

### B.  Arising Out Of.

The claims in this case must also arise out of Defendants' contacts with Arizona. The Ninth Circuit uses a "but for" test. A claim arises out of a defendant's forum contacts if, "but for" the contacts, the cause of action would not have arisen. *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007).

The test is satisfied here. Plaintiff alleges that Vanity contracted with him to conduct business from an address in Arizona. But for this agreement, Plaintiff "would not have performed services or turned over proprietary information to [Vanity]." Doc. 23 at 12. It is Plaintiff's performance and Vanity's alleged breach of this contract that gave rise to the complaint.

### C.  Reasonableness.

Once the first two prongs are satisfied, there is a strong presumption of reasonableness. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1117 (9th Cir. 2002). The burden shifts to the defendant to "'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* at 1114 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). Reasonableness is evaluated using the following factors:

> (1) [T]he extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Id.*

The first factor – the extent of Vanity's purposeful injection into Arizona – weighs in favor of Plaintiff. Granted, Vanity's relationship with Plaintiff lasted less than a month, it has no other employees, facilities, or clients in Arizona, and it does not sell or distribute products here. Doc. 19 at 2. But Vanity nonetheless reached into Arizona to recruit Plaintiff, identified a Vanity office in Scottsdale, and directed Plaintiff to develop business in Arizona, among other states.

The second factor – the burden on Vanity – weighs in favor of Vanity. It would undoubtedly be more burdensome for an Australian company to litigate in Arizona. *See Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1780 (2017) ("primary concern is the burden on the defendant" (internal quotation marks omitted)). But this factor does not carry heavy weight because "modern advances in communications and transportation have significantly reduced the burden of litigating in another country." *Dole Food Co., Inc.*, 303 F.3d at 1115 (quoting *Sinatra v. Nat'l Enquirer*, 854 F.2d 1191, 1199 (9th Cir. 1988)). And Vanity does not face the burden of overcoming a language barrier. *See id.* (fluency in English is a "mitigating factor").

The third factor – conflict with Australian sovereignty – also weighs in favor of Vanity. The Supreme Court has indicated that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.*, 480 U.S. 102, 115 (1987) (internal quotation marks omitted). But "this factor is not dispositive because, if given controlling weight, it would always prevent suit against a foreign national in a United States court." *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1401-02 (9th Cir. 1986) (internal quotation marks omitted).

The fourth factor – Arizona's interest in adjudicating the dispute – weighs in favor of Plaintiff. Arizona has a strong interest in ensuring that its residents are compensated

for their injuries. *Ochoa v. J.B. Martin and Sons Farms, Inc.*, 287 F.3d 1182, 1193 (9th Cir. 2002).

The fifth factor – the most efficient judicial resolution – favors neither party. The Ninth Circuit looks "primarily at where the witnesses and the evidence are likely to be located." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993). Vanity contends that the most efficient resolution would be in Australia, "where the anticipated relationship was negotiated." Doc. 19 at 16. Yet neither party contends that a majority of the witnesses and evidence is located in Australia or Arizona. *Id.*; Doc. 23 at 14. Also relevant is the choice of law applicable to the case. *See Dole Food Co., Inc.*, 303 F.3d at 1116. The parties dispute whether the law of Arizona or Australia would govern the contract, but the Court must resolve this dispute in favor of Plaintiff at this stage. Plaintiff avows that Defendant contemplated a contract compliant with U.S. law. Doc. 23-1 at 6; *see also* Doc. 19-1 at 32-35 (although Vanity shared a standard Australian contract to give Plaintiff notice of the general terms, Vanity attempted to secure a contract compliant with U.S. law).

The sixth factor – Plaintiff's convenience – weighs in favor of Plaintiff. Litigating in Australia would surely be inconvenient for an Arizona resident. Nonetheless, the Court does not weigh Plaintiff's convenience heavily. *See Ziegler v. Indian River Cty.*, 64 F.3d 470, 476 (9th Cir. 1995).

The final factor – the existence of an alternative forum – weighs in favor of Vanity. Plaintiff does not dispute that Australia is an alternative forum. *See* Doc. 23 at 15.

The first, fourth, and sixth factors favor Plaintiff; the second, third, and seventh factors favor Vanity; and the fifth factor favors neither party. Because the factors do not clearly favor either party, the Court cannot conclude that Vanity has made a compelling case of unreasonableness. *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 129 (9th Cir. 1995) ("given the closeness of the factors, we conclude that [defendant] has not

presented a 'compelling case' that exercising jurisdiction over it would be unreasonable"). Ninth Circuit cases "emphasize the heavy burden on both domestic and foreign defendants in proving a 'compelling case' of unreasonableness to defeat jurisdiction." *Dole Food Co., Inc.*, 303 F.3d at 1117.

**IT IS ORDERED** that Vanity's motion to dismiss for lack of personal jurisdiction (Doc. 19) is **denied**.

Dated this 29th day of November, 2017.

David G. Campbell
United States District Judge